**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| | : | |
| **In re: Grand Jury Matter** | : | **Miscellaneous Case No.** |
| | : | **5:07-MC-9 (HL)** |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

# ORDER

Before the Court is the Government's Motion to Disqualify attorney Frances Cullen from representing the employees of Thrift Center Pharmacy in connection with a grand jury health care fraud investigation of Thrift Center Pharmacy's owner and operator. For the reasons stated below, the Motion to Disqualify is GRANTED.

## I.     FACTS

Thrift Center Pharmacy ("Thrift") in Camilla, Georgia is operated by Morgan Medical, Inc. ("Morgan Medical"). Harris Morgan is the owner, sole shareholder, registered agent, CEO, CFO, and Secretary of Morgan Medical. A federal grand jury is currently conducting a health care fraud investigation of Mr. Morgan in relation to his activities as the owner and operator of Thrift. Approximately two years ago, Thrift retained attorney Frances Cullen to represent it. In addition to the fact that Mr. Morgan retained Ms. Cullen to represent Thrift, Thrift is also currently paying Ms. Cullen to represent its employees before

1

the grand jury that is investigating Mr. Morgan. At the present time, the only target of the investigation is Mr. Morgan. The employees have been subpoenaed to testify as witnesses before the grand jury, but they have not been identified as targets, though the Government has stated that some of the employees may later become targets. The Government has filed a Motion to Disqualify Ms. Cullen from representing the employees on the basis that Ms. Cullen has a conflict of interest in representing both Thrift and its employees.

## II.    Discussion

The Georgia Rules of Professional Conduct provide:

A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client....

GA. RULES OF PROF'L. CONDUCT R. 1.7. A district court has the power to grant a motion to disqualify an attorney from representing witnesses in a grand jury proceeding when the attorney's representation of the witnesses creates a conflict of interest. In re Gopman, 531 F.2d 262, 266 (5th Cir. 1976).[1] Even when an actual conflict of interest is not present, the court has the discretion "'to nip any potential conflict of interest in the bud'" by disqualifying an attorney when the possibility of conflict becomes great enough. Id. (quoting Tucker v. Shaw, 378 F.2d 304, 307 (2d Cir. 1967)). On the record before the Court, it is clear that Ms.

---

[1]In re Gopman is binding precedent on this Court because it was decided prior to October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Cullen's representation of the Thrift employees is rife with the potential for serious conflicts of interest.

First, Thrift is essentially the alter ego of Mr. Morgan. Morgan Medical does business as and operates Thrift, and Mr. Morgan is the owner, sole shareholder, registered agent, CEO, CFO, and Secretary of Morgan Medical. Mr. Morgan is being investigated by the Government because of actions he took as the owner and operator of Thrift. Clearly, Thrift, Morgan Medical, and Mr. Morgan are inextricably intertwined, and so too are their interests. As a result, Ms. Cullen's representation of Thrift and its employees has the potential for a serious conflict of interest because the employees are being called to testify before the grand jury as witnesses of Mr. Morgan's alleged criminal misconduct.

Similarly, aside from Mr. Morgan's connection to Thrift, Ms. Cullen's representation of Thrift creates the same potential conflict of interest because of the conflicting interests of the business and its employees. For example, it may be in the best interest for some, or all, of the employees to testify fully before the grand jury. That testimony might implicate Mr. Morgan and the corporation in criminal activity. Ms. Cullen's duties to Thrift could materially and adversely affect her representation of the employees because one or more of the employees might implicate Thrift and its owner and operator in criminal wrongdoing.[2]

_____

[2]Comment 10 to Georgia Rule of Professional Conduct 1.7 provides that when the corporation's interests diverge from the interests of its employees, the corporation may provide funds for separate legal representation of its employees. Cmt. 10 to GEORGIA RULES OF PROF'L CONDUCT R. 1.7. Here, the corporation is not providing funds for separate legal representation of its employees. Instead, Ms. Cullen is representing the corporation and its employees at the same time.

Accordingly, Ms. Cullen's representation of Thrift and its employees creates the potential for a serious conflict of interest.

The Court is aware that conflicts of interest can be waived, and the employees in this case have signed a waiver form provided by Ms. Cullen. But not all conflicts are waivable. The test for whether a conflict is waivable is whether "a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances." Cmt. 5 to GA. RULES OF PROF'L CONDUCT R. 1.7(b). Here, a disinterested lawyer would certainly conclude that Thrift's employees, as the witnesses of alleged criminal actions, should not agree to be represented by the attorney who is also representing the person or entity that allegedly committed those criminal acts. As a result, the conflict of interest in this case is not waivable..

For these reasons, the Court has decide to exercise its discretion and "nip the conflict in the bud." The Government's Motion to Disqualify Ms. Cullen from representing Thrift's employees is therefore granted. Last, Ms. Cullen conceded in open court that her discussions with the Thrift employees regarding their upcoming testimony before the grand jury also disqualifies her from representing Thrift in this matter. As a result, Ms. Cullen is also disqualified from representing Thrift in connection with the Government's health care fraud investigation.

**SO ORDERED**, this the 18th day of September, 2007.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

dhc